UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL NO. C-20-1217-02 |
| § | |
| SOFIA TIJERINA § | |

### GOVERNMENT'S MOTION IN LIMINE

COMES NOW the United States of America, by and through the Acting United States Attorney for the Southern District of Texas, and respectfully moves this Court to grant this Motion in Limine. Specifically, the Government requests that the Court direct the Defendant, counsel for the Defendant, and all witnesses for the defendant, not to mention, refer to, interrogate concerning, or bring to the attention of the jury in any manner, directly or indirectly, any of the following matters without first approaching the bench and obtaining a ruling on their admissibility, for the reason that the mere mention of such matters would be error and would harm or prejudice the right of the Government to a fair trial and the harm and prejudice created could not completely be cured by an instruction to disregard:

I.

Any question, comment, argument, or testimony concerning the punishment, range of punishment and potential collateral consequences, either directly or by reference, the Defendant faces if convicted.

II.

Any question, comment, argument, or testimony encouraging the jury to base their verdict

on bias or sympathy. The Court instructs the jury that they are not to be influenced by bias or sympathy but are to base their verdict on the facts as they find them and the law that the Court gives them. *Pattern Crim. Jury Instr.* 5th Cir. 1.04 (2019). The jury should not be encouraged to disregard these instructions by questions, arguments, or testimony that are designed to encourage it to ignore the Court's instructions and allow themselves to be influenced by bias or sympathy.

### III.

Any question, comment, argument, or testimony encouraging the jury to judge the wisdom or value of the laws which the Defendant is accused of violating. The jury's function is to apply the law given them by the Court to the facts as they find them. The jury is clearly not permitted to judge the wisdom or value of the law and should not be encouraged to do so by questions, arguments, or testimony designed to elicit such judgments on their part.

### IV.

Any question, comment, argument, or testimony concerning the criteria used to select if and how a case will be prosecuted.

### V.

Any testimony regarding the prior criminal history for any of the witnesses unless previously allowed by the Court.

### VI.

Any testimony regarding the prior criminal or immigration history for any of the witnesses unless previously allowed by the Court.

### VII.

Any question, comment, argument, or testimony about the Defendant's statements to agents made at the time of and leading up to her arrest that were made out of court and that would be used by the Defendant to attempt to explain her conduct. These statements would necessarily

have to be admitted for the fact of the matter asserted. Fed. R. Evid. 801. The statements are self-serving for the Defendant and represent hearsay without an exception unless introduced by the Government as an admission by a party opponent. Fed. R. Evid. 801(d)(2)(A).

The Government requests that the Court prohibit defense counsel from attempting to elicit hearsay statements of the Defendant from other witnesses, including asking questions like:

"Isn't it true that the Defendant told you she did not know that the aliens were in the vehicle?"

"Didn't the Defendant tell you she is innocent?", etc.

VIII.

Any question, comment, argument, or testimony that relate to any purported defense of "justification, duress, or coercion" unless the Defendant first makes a *prima facie* showing to the Court satisfying each and every required element of the defense[1]. The Government respectfully requests that the Court rule on this issue prior to opening statements to avoid the prejudice, confusion, and invitation for jury nullification that would result from such statements, argument, and evidence.

## Conclusion

The Government requests this Court to order the Defendant, defense counsel, defense agents, employees, investigators, and any witnesses to be called to the witness stand to be instructed that they are not to go into, refer to, allude to or in any manner bring before the jury any comments, evidence of discussions or response to questions concerning any of the foregoing

---

[1] The Fifth Circuit requires the Defendant to show, by a preponderance of evidence, that (1) the Defendant was under an unlawful present, imminent, and impending threat of such a nature as to induce a well-grounded fear of death or serious bodily injury to himself; (2) the Defendant had not recklessly or negligently placed himself in a situation where he would likely be forced to choose the criminal conduct; (3) the Defendant had no reasonable legal alternative to violating the law, that is a reasonable opportunity both to refuse to do the criminal act and also to avoid the threatened harm; and (4) a reasonable person would believe that by committing the criminal action, he would directly avoid the threatened harm. *Pattern Crim. Jury Instr.* 5th Cir. 1.38 (2019).

matters.

                                      Respectfully submitted,

                                      JENNIFER B. LOWERY
                                      ACTING UNITED STATES ATTORNEY

By:   /s/ Molly Smith
                                      Molly K. Smith
                                      Assistant United States Attorney
                                      New York State Bar No. 5510535
                                      Southern District No. 3610275
                                      One Shoreline Plaza
                                      800 N. Shoreline Blvd., Suite 500
                                      Corpus Christi, TX 78401
                                      Tel:  (361) 888-3111
                                      Fax:  (361) 888-3200
                                      Email:  molly.smith@usdoj.gov

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing MOTION IN LIMINE has been sent to Jesus Villalobos, Jr., the attorney for the Defendant, via ECF filing and email, on the 28th day of July, 2021.

                                              Molly K. Smith
                                              Assistant United States Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS CORPUS

CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. 2:20-CR-1217 |
| SOFIA TIJERINA | § § | |

**ORDER**

Upon consideration of the Government's Motion in Limine, it is hereby:

| | | | | |
|---|---|---|---|---|
| I. | GRANTED | / | DENIED |
| II. | GRANTED | / | DENIED |
| III. | GRANTED | / | DENIED |
| IV. | GRANTED | / | DENIED |
| V. | GRANTED | / | DENIED |
| VI. | GRANTED | / | DENIED |
| VII. | GRANTED | / | DENIED |
| VIII. | GRANTED | / | DENIED |

SIGNED this the _____ day of _____, 2021, at Corpus Christi, Texas.

_____
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF TEXAS