# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## MCALLEN TEXAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CAUSE NO |
| | § | 2:20-cr-01217-1 |
| SOFIA TIJERINA | § | |

### DEFENDANT SOFIA TIJERINA'S OBJECTIONS TO THE GOVERNMENT'S PROPOSED EXHIBITS

**I.**

Defendant, by counsel, pursuant to this Court's scheduling orders and the Local Rules of the United States District Court for the Southern District of Texas, submits the following objections to the Government's Exhibit List. Defendant reserves the right to amend or modify any of the objections set forth below on the basis of any stipulation entered into by the parties; corrections, revisions or other modifications to the underlying exhibits; any order from the Court on outstanding motions; and any ruling from the Court impacting admissibility.

Defendant objects to the introduction of exhibits that are not properly authenticated but is willing to confer with the Government regarding means to resolve authenticity objections in advance of trial. However, even in instances where a stipulation as to authenticity may be reached, and unless otherwise noted, Defendants reserve all other objections to admissibility including, but not limited to, objections based on lack of foundation, hearsay and relevance.

Defendant objects to the following Government exhibits:

## II.

## OBJECTIONS TO PROPOSED EXHIBITS

**EXHIBIT NO. 6:**

a. **FRE 401.** Defendant objects to introduction of the Red I-phone into evidence pursuant to FRE 401 as it is not relevant. Introducing the phone does not have a tendency to make a fact more or less probable than it would be without the evidence and it is not a fact of consequence in determining the action.

b. **FRE 403.** Alternatively, Defendant objects pursuant to FRE 403 as any probative value of the introduction of the phone will be substantially outweighed by a danger of unfair prejudice, confusing the issues, and/or misleading the jury. Allowing a jury unrestricted access to the phone contents without guiding evidentiary principles poses a substantial danger of unfair prejudice to Defendant including the unrestricted introduction of irrelevant evidence, unfairly prejudicial evidence, and hearsay. This unfair prejudice would be particularly egregious as the contents of the phone have not been extracted and provided to Defendant's counsel, depriving him of an opportunity to make any necessary legal objections to its content in order to provide the Defendant with her constitutional right to effective assistance of counsel and a to a fair trial.

**EXHIBIT NO. 7:**

a. **FRE 401.** Defendant objects to introduction of the Blue Pantech Phone into evidence pursuant to FRE 401 as it is not relevant. Introducing the phone does not have a tendency to make a fact more or less probable than it would be without the evidence and it is not a fact of consequence in determining the action. This is accentuated by the

fact that the phone has no service nor has it had any service for an extended period of time.

b. **FRE 403.** Alternatively, Defendant objects pursuant to FRE 403 as any probative value of the introduction of the phone will be substantially outweighed by a danger of unfair prejudice and/or misleading the jury. Depicting the Defendant "as a person from the RGV that carries 3 cell phones" under these circumstances creates a substantial risk of unfair prejudice, particularly as this cell phone is inoperable and is simply an old phone to be used as a prop for a social media video.

**EXHIBIT NO. 8:**

a. **FRE 401.** Defendant objects to introduction of the White I-phone into evidence pursuant to FRE 401 as it does not have a tendency to make a fact more or less probable than it would be without the evidence and it is not a fact of consequence in determining the action.

b. **FRE 403.** Alternatively, Defendant objects pursuant to FRE 403 as any probative value of the introduction of the phone will be substantially outweighed by a danger of unfair prejudice, confusing the issues, and/or misleading the jury. Allowing a jury unrestricted access to the phone contents without guiding evidentiary principles poses a substantial danger of unfair prejudice to Defendant including the unrestricted introduction of irrelevant evidence, unfairly prejudicial evidence, and hearsay.

**EXHIBIT NO. 9:**

a. **FRE 401.** Defendant objects to the introduction of the "Warning as to Rights – Interview Log" pursuant to FRE 401 as this evidence does not have a tendency to make

a fact more or less probable than it would be without the evidence and it is not a fact of consequence in determining the action.

b. **FRE 403.** Alternatively, Defendant objects pursuant to FRE 403 as any probative value of the introduction of this exhibit will be substantially outweighed by a danger of unfair prejudice and/or misleading the jury. Emphasizing to a jury that the Defendant exercised her constitutionally protected 5th Amendment "right to remain silent" unfairly prejudices Defendant by providing an inference that she "must have had something to hide or she would have freely spoken to the officers to clear her name."

**EXHIBIT NO. 13:**

a. **FRE 801.** Defendant objects to the introduction of the Video Deposition of witness Plutarco Gonzalez-Reyes as it is the hearsay pursuant to FRE 801.

b. **FRE 804.** Defendant further objects to the introduction of the deposition, and Defendant being deprived of her Constitutional 6th Amendment "right to confrontation of the witness", without the government discharging its burden of establishing the "unavailability" standard of FRE 804(a)(5)(A) or any other hearsay exception.

**EXHIBIT NO. 14:**

a. **FRE 801.** Defendant objects to the introduction of the Video Deposition of witness Jesus Utrera-Abertano as it is the hearsay pursuant to FRE 801.

b. **FRE 804.** Defendant further objects to the introduction of the deposition, and Defendant being deprived of her Constitutional 6th Amendment "right to confrontation of the witness", without the government discharging its burden of establishing the "unavailability" standard of FRE 804(a)(5)(A) or any other hearsay exception.

**EXHIBIT NO. 15:**

**Pages 1 through 627**

    a. **FRE 401.** Defendant objects to the introduction of pages 1 through 627 of the PDF of Phone Extraction Report into evidence pursuant to FRE 401 as the data/communications/photos do not have a tendency to make a fact more or less probable than it would be without the evidence and it is not a fact of consequence in determining the action. Pages 1 through 627 contain a wide variety of completely irrelevant conversations and communications of a young girl with friends, boys, and other senseless, sometimes vulgar and otherwise potentially offensive communications that have no bearing whatsoever to the issues before this court.

    b. **FRE 403.** Alternatively, Defendant objects to the introduction of pages 1 through 627 of the PDF of Phone Extraction Report into evidence pursuant to FRE 403 as any probative value of the introduction of the data/communications/photos will be substantially outweighed by a danger of unfair prejudice, confusing the issues, and/or misleading the jury. Allowing a jury to view this irrelevant "character" information poses a substantial danger of unfair prejudice to Defendant including the unrestricted introduction of irrelevant evidence, unfairly prejudicial evidence, and hearsay.

**Search Queries 121 and 122 on Page 632**

    a. **FRE 403.** Defendant objects, pursuant to FRE 403, to Search Queries 121 and 122 on page 632 of the PDF Extraction. These queries are multiple re-prints of one search query. The duplicate reprints are copies of the exact same search listed on page search

item 120 of page 632. Any probative value of the introduction of the duplicate search results are substantially outweighed by a risk of unfair prejudice and/or misleading of the jury.  Allowing a jury to view these duplicate search results within the raw data of the PDF of Phone Extraction poses a substantial danger of unfair prejudice to Defendant as the jury may be confused and believe that the Defendant has made numerous searches of what is a duplicate result of raw data when the inquiry was only made once.

### Items 122 and 123 on Page 662

a. **FRE 403.** Defendant objects, pursuant to FRE 403, to <u>Items 122 and 123 on page 662</u> of the PDF Extraction. These items are multiple URL results of one search query. The duplicate reprints are copies of the exact same search listed on page search item 120 of page 632. Any probative value of the introduction of the duplicate items is substantially outweighed by a risk of unfair prejudice and/or misleading of the jury.  Allowing a jury to view these duplicate items within the raw data of the PDF of Phone Extraction poses a substantial danger of unfair prejudice to Defendant as the jury may be confused and believe that the Defendant has made numerous searches of what is a duplicate URL result of raw data when the inquiry was only made once.

### Statements Made by Third Parties

a. **FRE 801.** Defendant further objects to the introduction of each hearsay statement made by a third party in communicating with Defendant within pages 1 through 627 of this PDF of Phone Extraction Report as it is hearsay pursuant to FRE 801 and the government has not established that it falls within any hearsay exception.

WHEREFORE, Defendant requests that this Honorable Court sustain her objections set forth above.

Respectfully submitted,

VILLALOBOS & VILLALOBOS, P.C.
8701 N. 23rd Street
McAllen, Texas 78504
Tel. (956) 682-3939
Fax. (956) 682-3369
Email: Jessev@jessevillaloboslaw.com

By: _____
JESUS VILLALOBOS
Federal Id: 27973
Attorney for SOFIA TIJERINA

## CERTIFICATE OF SERVICE

I, Jesus Villalobos, Attorney for the Defendant certify that a copy of this motion has been provided to all counsel of record on this 13th day of AUGUST, 2021 by electronic filing.

_____
JESUS VILLALOBOS